**This document was signed electronically on June 19, 2007, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: June 19, 2007**

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

# United States Bankruptcy Court
NORTHERN DISTRICT OF OHIO

In re: Kathleen D Talliere ) Chapter 13 Case No. 06-16377-M
) Hon. Pat E. Morgenstern-Clarren
Debtor )

**CONFIRMATION ORDER**

The Chapter 13 plan in this case came on for confirmation at a hearing before the Court. **A copy of such Plan, together with any applicable amendments or modifications (the "Plan"), is attached to this Order.** Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor (or the debtors in a joint case) (the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").
3. Any fee, charge or amount required under Chapter 123 of Title 28 of the United States Code or by the Plan, to be paid before confirmation has been paid.
4. The Plan has been proposed in good faith and not by any means forbidden by law.
5. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.
6. The Plan complies with all other applicable requirements of section 1325 of the Bankruptcy Code.
7. To the extent, if any, that the Plan provides for payments over a period longer than three years, the Court for cause approves payment for such period but in no event longer than five years.

IT IS THEREFORE ORDERED THAT:
1. The Plan is confirmed.
2. The Debtor shall, until further order of the Court, make the periodic payments called for in the Plan to the Trustee. Except as otherwise permitted, such payments shall be made pursuant to order of the Court on the Debtor's employer.
3. Secured creditors shall retain their liens. If this case is either dismissed or converted to a Chapter 7 case, the property vesting in the Debtor by reason of this confirmation order shall remain subject to the liens existing at the time of the filing of the case subject to adjustments in respect of amounts paid under the Plan.
4. The Debtor shall not incur additional debt exceeding $500 in the aggregate without notice to the Trustee and the approval of the Court.
5. The Debtor shall not transfer any interest in real property without the Court's approval.
6. The attorney for the Debtor is allowed a total fee of $1,700.00, of which $500.00 has been paid. The balance of $1,200.00 shall be paid by the Trustee from the monies received under the Debtor's Plan at the rate of one-sixth of the balance due per month during the first year of the Plan.
7. The administrative expenses of the Trustee shall be paid in full pursuant to sections 503(b) and 1326(b)(2) of the Bankruptcy Code and 28 U.S.C. § 586(e)(1)(B).

By submitting this form, the Chapter 13 Trustee certifies that the wording of this form is identical in all respects to the official form.

Submitted by:
/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268     Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

## CERTIFICATE OF SERVICE

A copy of the foregoing Order was sent electronically and/or by regular U.S. mail to the following:

Craig Shopneck, Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
VIA MAILBOX AT COURT

Alexander V Sarady, Attorney for Debtor
Rauser & Associates
614 W Superior Ave #950
Cleveland OH 44113-1306

Kathleen D Talliere, Debtor
13700 Delaware Drive
Middleburg Heights OH 44130-0000

CS/bas
06/18/07

###

# United States Bankruptcy Court
## Northern District of Ohio

| | | |
|---|---|---|
| Debtor(s) | } | Chapter 06-16377-pmc |
| | } | |
| Kathleen D. Talliere | } | Judge Morgenstern-Clarren |
| | } | |
| | } | |
| | } | **MOTION TO MODIFY** |
| | } | **PLAN** |
| | } | |
| | } | |
| | } | |

    Now comes Debtors, Kathleen D. Talliere, by and through counsel, Alexander V. Sarady, and requests this court grants a motion to modify the debtor's chapter 13 plan. Debtor is modifying in order to conform with the Trustee's recommendations. Debtors' plan and schedules have been modified to reflect the recommendations of the Trustee. Debtor prays this motion will be granted. This is hereby notice that if no objection is filed within 20 days the motion will be granted.

    Respectfully submitted,

/s/Alexander V. Sarady
Alexander V. Sarady(0075500)
Attorney for Petitioners
614 W. Superior Avenue
Suite 950
Cleveland, Ohio 44113
(216)263-6200

# CERTIFICATE OF SERVICE

A copy of the Motion and Modified Chapter 13 Plan were mailed by regular US mail or Electronic Filing on the 28th Day of April, 2007 to the following:

**Debtor:**
Kathleen D. Talliere
13700 Delaware Drive
Middleburg Heights, OH 44130

**Trustee:**
Craig Shopneck
BP Tower
200 Public Square Suite 3860
Cleveland, OH 44114-2321

**Creditors:**
Adelphia
P.O. Box 371449
Pittsburgh, PA 15250-7449

Columbia Gas
P.O. Box 9001847
Louisville, KY 40290-1847

Columbia House Video
P.O. Box 260001
Great Neck, NY 11026

Countrywide Home Loans
P.O. Box 961206
Fort Worth, TX 76161

Dillards
P.O. Box 981400
El Paso, TX 79998

Division of Water
P.O. Box 94540
Cleveland, OH 44101-4540

Drs Tigert Kitagawa & Bowersoz
PO Box 929999
Cleveland, OH 44194-2999

HSBC Mastercard
P.O. Box 5222
Carol Stream, IL 60197

Illuminating Company
P.O.Box 3638
Akron, OH 44309-3638

Jennifer R. Franks
1500 West Third Street
Suite 400
Cleveland, OH 44113

JP Recovery Services, Inc.
P.O. Box 16749
C/O Cleveland Clinic
Rocky River, OH 44116-0749

National City Bank
P.O. Box 5756
Cleveland, OH 44101

SBC
Bill Payment Center
Saginaw, MI 48663-0003

State of Ohio
P.O. Box 182401
Columbus, OH 43266-0076

The Cleveland Clinic Foundation
PO Box 73662
Cleveland, OH 44193

Theodore J. Talliere
723 University Road
Cleveland, OH 44113

/s/Alexander V. Sarady
Alexander V. Sarady(0075500)
614 W Superior Ave., STE 950
Cleveland OH 44113
Rauser & Associates

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 13 Case No.:** \_\_\_\_ - _____ - \_\_\_\_ |
| | ) | |
| | ) | **Judge** _____ |
| | ) | |
| **Debtor(s).** | ) | **Original Chapter 13 Plan** |
| | ) | **Modified Chapter 13 Plan,** |
| | | dated _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE: (Check One)**

**This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.**

**This plan DOES contain special provisions that must be and are set forth in Article 11 below.**

**YOUR RIGHTS WILL BE AFFECTED. You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

**1. PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): **$**_____ **[A] per month**, payable in installments of $_____ each,

**and,** unless the court otherwise orders,

B. To secured creditors as adequate protection: **$**_____ **[B] per month**, allocated as follows:

| Creditor | Collateral | Amount |
|---|---|---|
| | | |

Prior to confirmation, the Debtor shall provide the Trustee with evidence of post-petition payments made by the Debtor to secured creditors as adequate protection payments and to lessors as lease payments.

Upon confirmation of this plan, the Debtor shall make the entire Monthly Plan Payment of **$**_____ **[A+B] per month** to the Trustee.

**2. ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Articles 3, 4 and 9; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may pay secured creditor claims on a pro-rata basis. Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in Articles 3(A), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

3. **CLAIMS SECURED BY REAL PROPERTY**

A. **Mortgage and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| | | | |

B. **Other Real Estate Claims**

Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

4. **CLAIMS SECURED BY PERSONAL PROPERTY**

A. **Secured Claims to be Paid in Full Through the Plan:**

Trustee shall pay the following claims in full and in equal monthly payments.

| Creditor | Collateral Description | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

B. **Secured Claims NOT to be Paid in Full Through the Plan:**

Claims specified below are debts secured by personal property not provided for in Article 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

## 5. DOMESTIC SUPPORT OBLIGATIONS

Debtor ☐ does ☐ does not (select choice) have domestic support obligations pursuant to 11 U.S.C. §101(14A).

<u>If the Debtor does have domestic support obligations:</u>
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address | Telephone |
|---|---|---|
| | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Address | Estimated Arrearage Claim |
|---|---|---|
| | | |

## 6. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| | |

## 7. GENERAL UNSECURED CLAIMS

Debtor estimates the total of the non-priority unsecured debt to be **$**_____. Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of **$**_____ or _____ **%**, whichever is greater.

## 8. PROPERTY TO BE SURRENDERED

Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| | |

## 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| | | | |

## 10. OTHER PLAN PROVISIONS

(a) Property of the estate shall revest in the Debtor ☐ upon confirmation. ☐ upon discharge, dismissal or completion. If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. §1327. Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d) Notwithstanding the automatic stay, creditors and lessors provided for in Articles 3(A) and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

(e) Debtor shall not transfer any interest in real property or incur additional debt exceeding $500 in the aggregate without prior notice to the Trustee and without first obtaining the approval of the court as stated in applicable Administrative Orders. Failure to comply with the provisions of this paragraph may lead to the dismissal of this case or the conversion of this case to Chapter 7.

## 11. SPECIAL PROVISIONS

This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding Article 1.**

DEBTOR -

CO-DEBTOR -

DATE -

ATTORNEY -